# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NORTHEASTERN  DIVISION

| | | |
|---|---|---|
| PAULA RAE GARDNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:09-00011 |
| v. | ) | Judge Wiseman / Knowles |
| | ) | |
| MICHAEL ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This is a civil action filed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain

judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff

was not disabled and denying Plaintiff Disability Insurance Benefits ("DIB") and Supplemental

Security Income ("SSI"), as provided under the Social Security Act ("the Act"), as amended.

The case is currently pending on Plaintiff's Motion for Judgment on the Pleadings.  Docket

Entry No. 14.  Defendant has filed a Response, arguing that the decision of the Commissioner

was supported by substantial evidence and should be affirmed.  Docket Entry No. 16.

For the reasons stated below, the undersigned recommends that Plaintiff's Motion for

Judgment on the Pleadings be GRANTED, and that this action be REMANDED for further

development.

## I.  INTRODUCTION

Plaintiff filed her applications for a Period of Disability, DIB, and SSI on February 6,

2006,[1] alleging that she had been disabled since January 1, 2006, due to depression, anxiety, and hydrocephalus.  Docket Entry No. 8, Attachment ("TR"), TR 62-63, 120-129.  Plaintiff's applications were denied both initially (TR 19-20, 50-54) and upon reconsideration (TR 48-49).[2] Plaintiff subsequently requested (TR 44) and received (TR 27-32) a hearing.  Plaintiff's hearing was conducted by video teleconference on July 31, 2008, by Administrative Law Judge ("ALJ") William P. Newkirk.  TR 462-477.  Plaintiff appeared and testified.  *Id*.

On August 29, 2008, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations.  TR 7-18.  Specifically, the ALJ made the following findings of fact:

> 1.  The claimant meets the insured status requirements of the Social Security Act through June 30, 2012.
>
> 2.  The claimant has not engaged in substantial gainful activity since January 1, 2006, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq*., 416.920(b) and 416.971 *et seq*.).
>
> 3.  The claimant has the following medically determinable impairments: hydrocephalus, depression, and anxiety (20 CFR 404.1520(c) and 416.920(c)).
>
> 4.  The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected

---

[1] The application for SSI benefits contains only one date referring to the form's possible submission, March 10, 2006.  TR 62-63.  Both Plaintiff's and Defendant's briefs state that Plaintiff filed her application on February 6, 2006.  Docket Entry Nos. 15, 16.  Additionally, the ALJ's opinion states that Plaintiff filed for SSI and DIB on February 6, 2006.  TR 7-18.  These discrepancies are not, however, material to the issues before the Court.

[2] The Record contains only a document denying Plaintiff's DIB claim on reconsideration. TR 48-49.  Both Plaintiff's and Defendant's briefs state that Plaintiff's applications were denied upon reconsideration.  Docket Entry Nos. 15-16.  Additionally, the ALJ's opinion states that Plaintiff's claims for SSI and DIB were denied upon reconsideration.  TR 7-18.

to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 404.1521 and 416.921).

5. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2006 through the date of this decision (20 CFR 404.1520(c) and 416.920(c)).

TR 12-17.

On September 23, 2008,[3] Plaintiff timely filed a request for review of the hearing decision. TR 458. On December 5, 2008, the Appeals Council issued a letter declining to review the case (TR 3-6), thereby rendering the decision of the ALJ the final decision of the Commissioner.[4] This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. §§ 405(g) and 1383(c)(3). If the Commissioner's findings are supported by substantial evidence, based upon the record as a whole, then these findings are conclusive. *Id.*

## II. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of Record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

---

[3] The request for review of the hearing decision form contains a date that states Plaintiff submitted the form on September 23, 2008. TR 458. The form contains a stamp that notes the reception of the form, but the date is unreadable. *Id.* The Record contains a received stamp stating September 24, 2008 on the subsequent page. TR 459.

[4] The Appeals Council considered additional evidence that it subsequently included as part of the Record. TR 6.

3

## III.  CONCLUSIONS OF LAW

### A.  Standards of Review

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process.  *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991).  The purpose of this review is to determine (1) whether substantial evidence exists in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision.  *Landsaw v. Secretary*, 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion."  *Her v. Commissioner*, 203 F.3d 388, 389 (6th Cir. 1999) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Commissioner,* 105 F.3d 244, 245 (6th Cir. 1996) (*citing Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  In fact, even if the evidence could also support a different conclusion, the decision of the Administrative Law Judge must stand if substantial evidence supports the conclusion reached.  *Her*, 203 F.3d at 389 (*citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  If the Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined.  *Hurst v. Secretary*, 753 F.2d 517, 519 (6th Cir. 1985) (*citing Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980) (*citing Futernick v. Richardson,* 484 F.2d 647 (6th Cir. 1973))).

In reviewing the decisions of the Commissioner, courts look to four types of evidence: (1) objective medical findings regarding Plaintiff's condition; (2) diagnosis and opinions of medical experts; (3) subjective evidence of Plaintiff's condition; and (4) Plaintiff's age, education, and work experience. *Miracle v. Celebrezze*, 351 F.2d 361, 374 (6th Cir. 1965).

## B.  Proceedings At The Administrative Level

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he or she applied.  42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process as follows:

> (1)  If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.
>
> (2)  If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.
>
> (3)  If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the

5

"listed" impairments[5] or its equivalent.  If a listing is met or equaled, benefits are owing without further inquiry.

(4)  If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations).  By showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a *prima facie* case of disability.

(5)  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

20 C.F.R. §§ 404.1520, 416.920 (footnote added).  *See also Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by relying on the medical-vocational guidelines, otherwise known as "the grid," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule. Otherwise, the grid cannot be used to direct a conclusion, but only as a guide to the disability determination.  *Id.*  In such cases where the grid does not direct a conclusion as to the claimant's disability, the Commissioner must rebut the claimant's *prima facie* case by coming forward with particularized proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained through vocational expert testimony.  *See Varley v. Secretary*, 820 F.2d 777, 779 (6th Cir. 1987).

---

[5]The Listing of Impairments is found at 20 C.F.R., Pt. 404, Subpt. P, App. 1.

6

In determining residual functional capacity for purposes of the analysis required at stages

four and five above, the Commissioner is required to consider the combined effect of all the

claimant's impairments; mental and physical, exertional and nonexertional, severe and

nonsevere.  *See* 42 U.S.C. § 423(d)(2)(B).

## C.  Plaintiff's Statement Of Errors

Plaintiff contends that the ALJ erred by finding that Plaintiff did not establish a "severe

impairment" at step two of the sequential evaluation process and thereby prevented a full review

of Plaintiff's claim.  Docket Entry No. 15.  Accordingly, Plaintiff maintains that, pursuant to 42

U.S.C. § 405(g), the Commissioner's decision should be reversed and remanded for further

evaluation.  *Id.*

Sentence four of § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and
> transcript of the record, a judgment affirming, modifying, or
> reversing the decision of the Commissioner of Social Security,
> with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3).

"In cases where there is an adequate record, the Secretary's decision denying benefits can

be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is

overwhelming, or proof of disability is strong and evidence to the contrary is lacking."  *Mowery*

*v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).  Furthermore, a court can reverse the decision and

immediately award benefits if all essential factual issues have been resolved and the record

adequately establishes a plaintiff's entitlement to benefits.  *Faucher v. Secretary*, 17 F.3d 171,

176 (6th Cir. 1994).  *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994).

7

## 1. The Non-Severity of Plaintiff's Medically Determinable Impairments

Plaintiff argues that the ALJ erred by finding that Plaintiff did not establish a "severe impairment" at step two of the sequential evaluation process, thereby preventing a full review of her claim. Docket Entry No. 15.

With regard to the determination whether a medically determinable impairment is non-severe, the Code of Federal Regulations states:

> (a) *Non-severe impairment(s)*. An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities*. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include -
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. § 404.1521. *See also* 20 C.F.R. § 416.921and S.S.R. 96-3p ("an impairment(s) that is 'not severe' must be a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.").

Plaintiff argues that the ALJ's characterization of the evidence departed substantially from the medical evidence from treating sources. Docket Entry No. 15. Plaintiff also contends that the ALJ erroneously dismissed the opinions of the state agency medical consultants based on evidence that Plaintiff worked after the state agency medical consultants found Plaintiff's impairments were severe. *Id*. Plaintiff argues that her mental difficulties clearly exceeded the

8

"de minimis" barrier required at step two of the disability determination process. *Id*.

Defendant responds that the ALJ correctly ruled that Plaintiff's impairments were not severe because her impairments did not significantly limit her capacity to perform basic work activities. Docket Entry No. 16.

Plaintiff correctly asserts that the ALJ, in his opinion, mischaracterized evidence of Record. Docket Entry No. 15. Specifically, the ALJ stated that Plaintiff had moved to Tennessee from Michigan when her employment ended as a result of the business' relocation. TR 12-13. The Record, however, indicates that Plaintiff quit her job when it became "too stressful" when new management took over, changed her job routine, and wanted her to perform the job faster. TR 203, 221, 223, 277-278, 283. Plaintiff reported that she quit her job because she was afraid that she might be fired because she was unable to perform her job at the newly desired pace. *Id*.

The ALJ also mischaracterized the evidence when he stated that, in November 2006, Plaintiff's therapist reported that Plaintiff had earned $12,999 a year working as a concession worker. TR 13. In actuality, the therapist reported that Plaintiff had earned "$0.00-$12,999.00" a year as a part-time concession worker at Hilltoppers. TR 164. The therapist does not specify where in that range Plaintiff's income fell, and certainly does not indicate that Plaintiff earned the maximum $12,999.00. *Id.*

The ALJ's mischaracterization of the evidence relating to why Plaintiff's previous employment ended and her earnings in 2006 as a concession worker at Hilltoppers, raises a question of whether the ALJ accurately considered the limitations and restrictions Plaintiff's impairments and related symptoms imposed on her mental ability to do basic work activities.

9

SSR 85-25 states in pertinent:

> Great care should be exercised in applying the not-severe
> impairment concept. If an adjudicator is unable to determine
> clearly the effect of an impairment or combination of impairments
> on the individual's ability to do basic work activities, the
> sequential evaluation process should not end with the not severe
> evaluation step. Rather, it should continue.

SSR No. 85-25 (C.E. 1985).

The mischaracterization of evidence in this case makes it uncertain whether the ALJ was able to clearly determine the effect of Plaintiff's impairments or combination of impairments on her ability to do basic work activities. The Sixth Circuit has held that "the step two severity regulation codified at 20 C.F.R. §§ 404.1520(c) and 404.1521 has been construed as a *de minimis* hurdle in the disability determination process." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988)(*citing Murphy v. Secretary of Health and Human Services*, 801 F.2d 182, 185 (6th Cir. 1986); *Salmi v. Secretary of Health and Human Services*, 774 F.2d 685, 690-92 (6th Cir. 1985); *Farris v. Secretary of Health and Human Services*, 773 F.2d 85, 89-90 (6th Cir. 1985)). Because the step two severity standard is *de minimis* in this Circuit and the undersigned cannot determine with certainty that the ALJ accurately considered the evidence of Record so as to make an accurate and clear determination about the limitations and restrictions Plaintiff's impairments imposed upon her mental ability to do basic work activities, the undersigned recommends that this action be remanded.

## IV. RECOMMENDATION

For the reasons discussed above, the undersigned recommends that Plaintiff's Motion for Judgment on the Pleadings be GRANTED, and that this action be REMANDED for further development.

10

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to it with the District Court.  Any party opposing said objections shall have ten (10) days after service of any objections filed in which to file any responses to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied,* 474 U.S. 1111 (1986).

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

11